UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL CASE NO.** |
| | : | |
| v. | : | |
| | : | <u>**UNDER SEAL**</u> |
| **HENRY D. CORONA,** | : | |
| also known as "Norr," | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MOTION TO SEAL THE PLEA PROCEEDINGS,
<u>ALL DOCUMENTS RELATED TO THE PLEA AND ANY TRANSCRIPT THEREOF,
AND OTHER PLEADINGS, RECORDS, PROCEEDINGS, AND FILES,
AND TO DELAY ENTRY ONTO THE PUBLIC DOCKET OF THE FILING OF THIS
MOTION TO SEAL AND ALL RELATED MATTERS</u>**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the plea, plea proceedings, and plea agreement, as well as all other pleadings, proceedings, records, and files in this case, including the instant motion to seal, and to delay entry onto the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to a criminal information charging him with Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846.

The sealing is necessary because the plea agreement and related pleadings contain sensitive information, disclosure of which would not be in the interest of the defendant, the government, or the public. As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning his having a pending case in this District, as well as the fact of his pleading guilty, be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, and innocent third parties, at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence.

It is common practice for individuals associated with criminal organizations to check the public record in the criminal clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. In this case, the government has received credible information concerning members of this and related narcotics conspiracies who have obtained PACER accounts for the express purpose of counter-surveillance and intimidation. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings is likely to compromise the ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, law enforcement officials taking part in the investigation, and, in some cases, innocent bystanders.

Consequently, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the plea agreement and all

other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) there is no longer a substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case.  See Washington Post v. Robinson, 935 F.2d 282 (D.C. Cir. 1991).

Defense counsel has been advised of the contents of this motion and has informed the undersigned prosecutor of counsel's support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
DC Bar No. 498610

_____
By:   Elisa Poteat
      DC Bar No. 420604
      Gregory G. Marshall
      CT Bar No. 409959
      Assistant United States Attorneys
      Organized Crime and Narcotics Trafficking Section
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 514-7067

CERTIFICATE OF SERVICE

      I hereby certify that a copy of this motion has been served on counsel for the defendant:

Cynthia Katkish, Esquire
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004

this 8th day of August, 2007.

                                      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL CASE NO.** |
| | : | |
| v. | : | |
| | : | **UNDER SEAL** |
| **HENRY D. CORONA,** | : | |
| also known as "Norr," | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER

Based on the representations in the government's motion to seal the accompanying plea agreement, as well as all other pleadings, proceedings, records, and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters, this Court makes the following findings of fact:

Pursuant to the plea agreement in this case, the defendant has agreed to cooperate with the United States in an ongoing criminal investigation.

The general public is not aware that the defendant has agreed to cooperate with the United States in this ongoing investigation.

The defendant's cooperation includes the possibility of covert activities which, due to the nature of the investigation, pose a substantial risk to the personal safety of the defendant and law enforcement officials.

The public docketing at this time of any notice that the government has filed a motion to seal the plea agreement, the transcript of the plea, and other pleadings, records, proceedings, and files, and to delay entry on the public docket of the filing of this motion to seal, as well as the order granting such motion will likely substantially jeopardize an ongoing criminal investigation and place

the personal safety of parties involved in the covert investigation, as well as innocent bystanders, at substantial risk.

Based on the representations in the government's motion, and this Court's findings of fact, this Court finds that there is a compelling governmental interest in sealing the pleadings, records, and files in this case and that an extraordinary situation exists which justifies a delay in the public docketing of any notice that the government's motion and this order have been filed with the criminal clerk's office under seal.

Based on the above, it is this _____ day of _____, 2007, hereby

ORDERED that this order, and the attached government motion to seal the plea, the transcript of the plea, and other pleadings, recordings, proceedings, and files, and to delay entry on the public docket of the filing of this motion to seal, shall be filed under seal in the criminal clerk's office until further order of this Court.

It is further ORDERED that the plea, the transcript of the plea, all proceedings and all pleadings, records, and files in this case shall be placed under seal by the criminal clerk's office until further order of this Court.

It is further ORDERED that the criminal clerk's office shall not make any entry on the public docket in this case of the filing of the plea, the transcript of the plea, the government's motion to seal and the order granting such motion, and other pleadings filed under seal in this case, until further order of this Court.

It is further ORDERED that notwithstanding the other provisions of this order, the government shall be permitted to request a transcript of the plea proceedings in this case, the court reporter shall be permitted to prepare such a transcript and provide it to the government, and there

may be a limited lifting of this sealing order to allow the government to comply with noticing and publishing requirements to effectuate any consent order of forfeiture that may be filed as part of this case, or to comply with its discovery, <u>Giglio</u>, and <u>Brady</u> obligations in any pending criminal case in which the defendant herein may be called as a witness.

It is further ORDERED that notwithstanding the other provisions of this order, absent good cause shown after notice to the parties herein and an opportunity for a hearing, this matter shall be unsealed upon the final imposition of sentence.

_____
CHIEF JUDGE THOMAS F. HOGAN
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Copies to:

S. Elisa Poteat, Esq.
Gregory G. Marshall, Esq.
Assistant United States Attorneys
555 Fourth Street, N.W.
Washington, D.C. 20530

Cynthia Katkish, Esq.
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, D.C. 20004