**FILED**

AUG 1 0 2007

U.S. Department of Justice

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W*
*Washington, D.C. 20530*

August 6, 2007

Cynthia Katkish, Esq.
601 Pennsylvania Ave., N.W.
South Building, Suite 900-S, PMB 221
Washington, D.C. 20004

    Re:    <u>United States v. Henry D. Corona, a.k.a. "Norr"</u>
             Criminal Case No. 07-196 (TFH) (**under seal**)

Dear Ms. Katkish:

    This letter confirms the agreement between your client, Henry D. Corona, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the United States," "the Government," or "this Office"). If your client accepts the terms and conditions of this offer, please have him execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Henry D. Corona's Obligations, Acknowledgments, and Waivers</u>

    1.    Your client, Henry D. Corona, agrees to admit guilt and enter a plea of guilty to a one-count information, a copy of which is attached hereto, charging him with a violation of 21 U.S.C. § 846. Your client understands that pursuant to 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (in an amount of 50 grams or more of methamphetamine, or more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine) is a charge carrying a penalty of ten years to life imprisonment, a fine of up to $4,000,000, and five years of supervised release. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that he will be sentenced according to 18 U.S.C. § 3553(a) and (c) through (e), upon consideration of the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines"), which will apply to

1

determine your client's sentencing guideline range. Your client further understands that pursuant to 18 U.S.C. § 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if he has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

2.    Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for drug amounts as follows: more than 1.5 kilograms of methamphetamine (actual) and/or "Ice," which quantity represents the total amount involved in your client's relevant conduct, including amounts your client distributed or possessed with intent to distribute, and amounts distributed or possessed with intent to distribute by co-conspirators of your client and within the scope of your client's conspiratorial agreement. Your client understands that pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, the drug amounts for which he is accountable place his base offense level at 38.

3.    The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in this paragraph. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer, or Court), the Government is free under this agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

4.    Your client understands and agrees that he will be detained pending sentencing. However, in the event that the Government asks that your client be released pending sentencing for the purpose of aiding law enforcement with operational activities, your client agrees that the termination of his involvement in any investigation is a matter committed to the sole discretion of the Government and that this decision is not judicially reviewable. Your client understands and agrees that the United States does not waive its position as to your client's dangerousness or flight risk should the Government afford your client the opportunity to be released for a limited time period solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. Your client also agrees that any violation of your client's release conditions, any misconduct by your client, or any inability or failure on the part of your client to continue your client's cooperation with the Government shall result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentence in this case.

5. Your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a) Your client shall cooperate fully, truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking Government administered polygraph examinations; and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely, and forthrightly as directed by this Office and other federal, state, and local law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this agreement by your client, and will relieve the Government of its obligations under this agreement, including, but not limited to, its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of his/her obligations under this agreement.

(b) Your client shall promptly turn over to the Government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. Your client agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime.

(c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d) Your client shall testify fully, completely, and truthfully before any and all grand juries in the District of Columbia, and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(e) Your client understands and acknowledges that nothing in this agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the Government of all of its obligations under this agreement, including, but not limited to, its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw his plea of guilty or relieve your client of his/her obligations under

this agreement. Your client further understands that, to establish a breach of this agreement, the Government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

6. Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if the Government does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigations or prosecutions of any another persons who have committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of his obligations under this agreement.

7. Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/or Government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and Government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or Government attorneys, and you communicate this decision in writing to this Office, the Government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

8. (a) In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

(b) Your client also knowingly and voluntarily waives or gives up all constitutional and statutory rights to a speedy sentence, and agrees that the plea of guilty pursuant to this agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

9. Your client understands that the sentence in this case will be imposed in accordance

with 18 U.S.C. § 3553(a) and (c) through (e), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing or to grant a downward departure based on your client's substantial assistance to the Government, even if the Government files a motion pursuant to 18 U.S.C. § 3553(e) and/or Section 5K1.1 of the Sentencing Guidelines.

10. Your client understands that even if this Office informs the Court of the nature and extent of your client's cooperation, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

12. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of his guilty plea or in connection with your client's cooperation pursuant to this plea agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

13. Your client further agrees to waive all rights, claims, or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conferences, or court proceedings during the course of your client's cooperation pursuant to this agreement or any term of your client's incarceration.

14. Your client understands and agrees that if your client should fail to specifically

perform and to fulfill fully and completely each and every one of your client's obligations under this plea agreement, then: (a) the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e); (b) your client will not be allowed to withdraw his guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; (d) no motion for downward departure will be filed or sought and your client will be sentenced upon consideration of the applicable Sentencing Guidelines range; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

<u>The Government's Obligations, Acknowledgments, and Waivers</u>

15.     This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

16.     This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation.

17.     If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines in order to afford your client an opportunity to persuade the Court that your client should be sentenced to a lesser period of incarceration and/or fine than indicated by the Sentencing Guidelines. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this plea agreement, then the Government will be free from its obligations under the agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

18.     Your client understands and acknowledges, however, that even if the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia determines that your client provided substantial assistance in the investigation(s) or prosecution(s) of another person(s) for purposes of Section 5K1.1 of the Sentencing Guidelines, this Office reserves its right to decline to file a departure motion pursuant to 18 U.S.C. § 3553(e). In the absence of a motion under 18 U.S.C. § 3553(e), the Court will be required to sentence your client to at least the mandatory minimum period of incarceration which applies to the offense or offenses of conviction even if the Court decides to depart below the applicable guideline range. In the event this Office,

in its sole discretion, decides to file a departure motion pursuant to both Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that he should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute.

19. The Government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement or during the course of debriefings conducted in anticipation of this agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

20. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead the Court, the Probation Office, or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in his base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

21. After the entry of your client's plea of guilty to the offense identified in paragraph number one above, your client will not be charged with any non-violent criminal offense in violation of federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this agreement and about which the United States Attorney's Office for the District of Columbia was made aware by your client prior to the execution of this agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this agreement.

22. The United States agrees, subject to the reservations in the remainder of this paragraph, that so long as your client does not move to withdraw his plea of guilty and is in full compliance with each and every provision of this agreement, the United States will not use against your client, directly or indirectly, in any criminal or in any civil proceeding, any of the information or materials provided to the United States by your client during the course of your client's cooperation pursuant to this agreement or during the course of any debriefing conducted in

anticipation of this agreement. However, the United States expressly reserves its right to use self-incriminating information provided by your client at the sentencing in this case, if such use has otherwise been reserved in this agreement. Moreover, the United States also expressly reserves its right to use against your client in any criminal or civil proceeding, directly or indirectly, any information and materials provided by your client, during the course of your client's cooperation, concerning crimes of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501.

23.   The United States agrees that if requested by your client, and if appropriate in the sole discretion of this Office in order to provide for the protection and security of your client, the United States Attorney's Office for the District of Columbia will sponsor your client for acceptance into the Witness Security Program of the United States Department of Justice. It is understood, however, that the decision to accept your client into the Witness Security Program is at the sole discretion of the United States Department of Justice and not this Office. It is further understood that once accepted into the Program, the continued participation of the your client will be governed exclusively by the standard rules and regulations which have been promulgated by the United States Department of Justice to administer the Program.

General Conditions

24.   It is further agreed that the United States and your client shall request the Court to place under seal this plea agreement and other relevant proceedings and documents entered into the record in this matter. Both parties agree that this is necessary in order to protect the personal safety of your client and the law enforcement agents and officers working with your client. Both parties further agree that if the record is sealed in this matter, it shall remain under seal, subject to Court approval, until your client is sentenced or such other time as the Court might direct in response to a motion made by the United States.

25.   This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

26.   This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions, except as indicated in this paragraph.

27.   There are no other agreements, promises, understandings, or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court

or made in a writing signed by all of the parties.

            Sincerely,

            *Jeffrey A. Taylor /DM*
            Jeffrey A. Taylor
            United States Attorney

            *Dany Marshall*
            S. Elisa Poteat
            Gregory G. Marshall
            Assistant United States Attorneys

## Defendant's Acceptance

I have read this plea agreement and have discussed it with my attorney, Cynthia Katkish, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

_8/10/07_
Date

_Henry D. Corona_
Henry D. Corona, Defendant

## Attorney's Acknowledgment

I have read each of the pages constituting this plea agreement, have reviewed them with my client, and have fully discussed the provisions of the agreement with my client. These pages accurately and completely sets forth the entire plea agreement.

_8/10/07_
Date

_Cynthia Katkish_
Cynthia Katkish, Esquire
Attorney for the Defendant

Factual Proffer in Support of Henry D. Corona's Guilty Plea

The facts contained herein are not complete in all details. Instead, they are provided in order to demonstrate that the elements of the charged offense have been met for purposes of a guilty plea in this case. These are not all of the facts known to the defendant, Henry D. Corona, and to the Government.

For at least the past five years in the District of Columbia and its metropolitan area, the defendant, Henry D. Corona, who is also known as "Norr," has regularly distributed methamphetamine (also referred to as "meth") to multiple paying customers. The defendant has routinely been supplied with meth by, among others, Derek T. Hawthorne, James Trippett (who is also known as "Trina," and who was often supplied by Tony Hull), and David Schultz.

Starting in or about 2004 and continuing until June of 2007, Hawthorne, as the defendant well knew, repeatedly purchased pound quantities of meth in California and other locations and transported the drugs back to the District of Columbia. During that time the defendant served as one of Hawthorne's re-distributors of methamphetamine. The defendant bought meth from Hawthorne at, among other places, Hawthorne's residences in the Post Mass apartment building, the Radius apartment building, and 943 S Street, N.W., as well as on Hawthorne's motor yacht (named the "Oar-Gazmic").

From about May of 2006 to March of 2007, the defendant sold meth multiple times in the District of Columbia to a person who, unbeknownst to the defendant, was cooperating with the Drug Enforcement Administration ("DEA"). On six of those occasions, the amounts of methamphetamine the defendant sold were, per DEA testing, as follows: 28 grams of 56% purity, 55.6 grams of 48% purity, 55.9 grams of 50% purity, 14.1 grams of 98% purity, 54.6 grams of 55% purity, and 55.8 grams of 73.4% purity. That is, the defendant sold a total of 264 grams of methamphetamine on just those six occasions.

In June of 2007, Hawthorne informed the defendant that he was going to be traveling to California at the end of that same month; the defendant understood this to mean that Hawthorne would be traveling to California in order to acquire meth. On July 10, 2007, the defendant sent Hawthorne text messages indicating that he wanted to acquire some of that meth for redistribution purposes. However, unbeknownst at the time to both the defendant and Hawthorne, on July 5, 2007, DEA agents had recovered that methamphetamine (which weighed 795.8 grams) from a storage locker that Hawthorne rented in Northeast Washington, D.C.

The total amount of methamphetamine that the defendant possessed for the purpose of resale was more than 1.5 kilograms of methamphetamine (actual) and/or "Ice" (that is, a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity). That amount represents not just the amount that the defendant received for himself, but also that quantity that was reasonably foreseeable to him based on his involvement in the narcotics conspiracy.

   I agree that the above facts are true and correct. The above facts are not all that are known to Henry D. Corona, but simply those which are sufficient to establish the offense to which he is pleading guilty.

_____
Henry D. Corona, Defendant

_____
Cynthia Katkish, Esq.
Counsel for Mr. Corona


_____
S. Elisa Poteat
Gregory G. Marshall
Assistant U.S. Attorneys